IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA PARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-CV-04083-DGK-SSA ) |
| FRANK BISIGNANO, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Joshua Parks' application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including psoriasis, psoriatic arthritis, diabetes mellitus, diabetic peripheral neuropathy, chronic obstructive pulmonary disease, bipolar disorder, generalized anxiety disorder, and alcohol abuse. The ALJ found that he retained the residual functional capacity ("RFC") to perform light work with some additional restrictions. The ALJ then concluded that his RFC still allowed him to perform work as a retail marker, a routine clerk, an inserting machine operator, a document preparer, an addresser, and a tube operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on May 27, 2021, alleging a disability onset date of April 30, 2021. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 16, 2024, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues that the ALJ erred at Step Four by failing to properly assess the opinion evidence from Jerry L. Cunningham, Psy.D. ("Dr. Cunningham"). More specifically, Plaintiff contends that the ALJ failed to explain how Dr. Cunningham's opinion was unsupported by his own examination and how it was inconsistent with other record evidence. Defendant counters that substantial evidence supports the ALJ's assessment of Dr. Cunningham's opinion.

In assessing the persuasiveness of medical opinions, an ALJ considers: "(1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). The most important factors in the analysis are supportability and consistency. *Id.* (citing 20 C.F.R. § 404.1520c(a)).

The ALJ noted that he found Dr. Cunningham's assessment of "marked" limitations in "social interaction and adaption" unpersuasive because "the evidence discussed above does not

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014). Through Step Four of the analysis, Plaintiff bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that Plaintiff can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Case 2:24-cv-04083-DGK     Document 11     Filed 06/02/25     Page 3 of 5

support the marked limitations." R. 19. An extensive and lengthy evaluation of the record evidence pertaining to Plaintiff's alleged limitations preceded this finding. R. at 10–18.

The ALJ's assessment of Dr. Cunningham's opinion complies with the regulations and is supported by substantial evidence. On the support front, "the evidence discussed above" were findings from Dr. Cunningham's own evaluation that undermined his assessment of marked limitations. For example, despite assessing marked limitations in social interactions, Dr. Cunningham noted that Plaintiff got along well with supervisors and co-workers in his past job. R. at 18, 900. And although he found marked limitations in adaption, Dr. Cunningham noted that Plaintiff presented with a euthymic mood, made good eye contact, exhibited normal speech, denied anger control issues, exhibited no thought control issues, was dressed appropriately, and exhibited adequate hygiene. R. at 18, 899–901.

On the consistency front, the ALJ did not use the exact words "consistency" in his assessment. But this is, at most, a deficiency in opinion writing because the record is clear that there were inconsistencies between Dr. Cunningham's marked limitation findings and other substantial, record evidence. *See Grindley v. Kijakazi*, 9 F.4th 622, 629–31 (8th Cir. 2021); *see also Hancock v. O'Malley*, No. 6:23-CV-03370-DGK, 2024 WL 3338579, at *3 (W.D. Mo. July 9, 2024). For example, as the ALJ noted, Plaintiff's treatment records indicated that he interacted well with providers and was friendly and cooperative. R. at 14, 18, 822–24, 847, 881, 911, 1025, 1047, 1060, 1072, 1084, 1226, 1312, 1483. The ALJ also found that he socialized with friends and shopped at large stores. R. 14, 18, 48, 1109, 1357–58. The ALJ also found that medications controlled his anxiety and depression, which were some of the key causes of his alleged deficits in social interactions. R. at 18, 49, 129, 1378, 1479. This evidence was inconsistent with Dr. Cunningham's findings of marked limitations in social interaction.

There was also other record evidence that contradicted Dr. Cunningham's findings of marked limitations in adaptation. For instance, providers routinely noted that he exhibited an appropriate mood and euthymic affect at his appointments. R. at 831, 911, 969, 971, 975, 977, 979, 988, 1004, 1025, 1047, 1060, 1072–73, 1084, 1308, 1312, 1346. Those providers also found him to have appropriate dress and grooming, good eye contact, normal flow and content of thought, full orientation, intact memory, adequate concentration, normal speech, and/or fair or adequate judgment and insight. R. at 911, 967, 969, 971, 973, 975, 977, 979, 1004, 1047, 1060, 1073, 1084, 1308, 1346. Moreover, the ALJ further found the opinion of Martin Isenberg, Ph.D. ("Dr. Isenberg") to be "generally persuasive," R. at 18, and Dr. Isenberg did not find marked limitations in social interaction or adaption, R. at 142.

To be sure, Plaintiff cites other evidence in the record that supports Dr. Cunningham's findings of marked limitations. The fact that some evidence arguably supports his opinion is hardly surprising given that the record spans well over 1,000 pages. *See Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017). But it is the ALJ's role to resolve conflicts in the evidence such as this, *see Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014), and this Court's analysis is confined to simply determining whether the ALJ's decision was within the available zone of choice, *Buckner*, 646 F.3d at 556. And the decision here was well within that zone. *See Fentress*, 854 F.3d at 1021; *Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: June 2, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT